```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                          EASTERN DIVISION


SHERRY KEIM,                          )
                                      )
           Plaintiff,                 )
                                      )
      vs.                             )    No. 4:07CV533-DJS
                                      )
WASHINGTON UNIVERSITY,                )
                                      )
           Defendant.                 )
```

## ORDER

Plaintiff Sherry Keim filed the instant action against defendant Washington University in the Circuit Court of the City of St. Louis.  A former employee of Washington University, Keim brings a four-count petition alleging that the university violated the Missouri Human Rights Act ("MHRA"), §213.010 R.S.Mo. *et seq.*, by discriminating against her on the basis of her sex [Count I], on the basis of her age [Count II], and by retaliating against her for her assertion of rights under the MHRA [Count III], and asserting a claim of wrongful discharge [Count IV].  Washington University removed the action to this Court, contending that federal question jurisdiction exists because one of plaintiff's state law claims is preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001 *et seq*.  Now before the Court is plaintiff's motion to remand the case to state court.

In the "Common Facts" set forth in plaintiff's petition, she alleges six respects in which she was treated less favorably than her younger male co-workers. Petition [Doc. #1, Att. #1], p.3, ¶7. Defendant's argument for ERISA preemption is premised upon the allegation in ¶8 of plaintiff's petition, the concluding paragraph of "Common Facts." There it is alleged that "[a]fter plaintiff complained about the disperate (sic) treatment she was receiving from her supervisor, and two weeks after she reached the age of 45 years and became eligible for increased benefits from defendant, she was discharged." Petition [Doc. #1, Att. #1], p.3. Paragraphs 1 through 8 of the petition are incorporated by reference into Count II of the petition, the age discrimination claim. Washington University identifies the "increased benefits" as a reference to a §403(b) Retirement Savings Plan, an employee benefit plan governed by ERISA.

As the party seeking removal and opposing remand, defendants have the burden to prove the existence of federal subject matter jurisdiction. In re Bus. Men's Assur. Co. of Am., 992 F.2d 181, 183 (8th Cir. 1993).

> There are two types of preemption under ERISA: "complete preemption" under ERISA § 502, 29 U.S.C. § 1132, and "express preemption" under ERISA § 514, 29 U.S.C. § 1144. Complete preemption occurs whenever Congress so completely preempts a particular area that any civil complaint raising this select group of claims is necessarily federal in character. Claims arising under the civil enforcement provision of Section 502(a) of ERISA, 29 U.S.C. § 1132(a), including a claim to recover benefits or enforce rights under the terms of an ERISA plan, implicate one such area of complete preemption.

2

> Because of complete preemption, any claim filed by a plan participant for the same relief provided under ERISA's civil enforcement provision, even a claim purportedly raising only a state-law cause of action, arises under federal law and is removable to federal court.

Prudential Ins. Co. of Am. v. Nat'l Park Med. Ctr., Inc., 413 F.3d 897, 907 (8th Cir. 2005) (citations and quotations omitted). A prohibition on interference with ERISA rights, and retaliation for the exercise of ERISA rights, is set forth in §510 of ERISA, 29 U.S.C. §1140. A claim of violation of that prohibition would give rise to complete preemption and removal notwithstanding its assertion under state law. See, e.g., King v. Marriott International, Inc., 337 F.3d 421, 428 (4th Cir. 2003); Hoops v. Elk Run Coal Company, Inc., 57 F.Supp.2d 357, 360 (S.D.W.V. 1999).

By contrast, ERISA's express preemption clause sets out that:

> Except as provided in subsection (b) of this section, the provisions of this subchapter and subchapter III of this chapter shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in section 1003(a) of this title and not exempt under section 1003(b) of this title.

29 U.S.C. §1144(a). The language of the clause is deliberately expansive and is "designed to establish pension plan regulation as exclusively a federal concern." Ingersoll-Rand Co. v. McClendon, 498 U.S. 133, 138 (1990) (citations and quotations omitted). A claim "relates to" an employee benefit plan if "it has a connection with or reference to such a plan", Shaw v. Delta Air Lines, Inc., 463 U.S. 85, 96-97 (1983), or "where resolution of the claim is

3

substantially dependent on an analysis of the terms of the benefit plan." Neumann v. AT & T Communications, Inc., 376 F.3d 773, 780 (8th Cir. 2004). However, express preemption does not allow for automatic removal to federal court, it only provides an affirmative defense against claims not completely preempted under ERISA §502 or §510. Prudential, 413 F.3d at 907. Therefore, a state law cause of action is subject to removal only where the claim "'relate[s] to any employee benefit plan,' 29 U.S.C. §1144(a), such that the claim is preempted by federal law, and the claim seeks to recover benefits due or enforce rights under the terms of a plan, 29 U.S.C. §1132(a) [or §1140], such that the exclusive cause of action is under federal law." Neumann, 376 F.3d at 779-80 (citations omitted).

In Campbell v. Aerospace Corporation, 123 F.3d 1308 (9th Cir. 1997), the Ninth Circuit Court of Appeals considered the removal, premised upon ERISA preemption, of state law claims for wrongful and tortious discharge. Considering both Supreme Court and Ninth Circuit precedents, the court determined that a pivotal consideration in such circumstances is whether the employer is alleged to have acted based on a "pension-defeating motive." Id. at 1312-13. In Campbell's case, the Ninth Circuit found that an allegation of such a motive was lacking:

> ...Campbell did not claim that his employer's motive in terminating him was the destruction of his retirement benefits, but rather he alleged that the loss of benefits was a consequence of his wrongful termination. The allegation of Aerospace's knowledge does not change the

4

> fact that the deprivation of benefits was not Aerospace's motive, but merely a proximate result of the termination. There is a discernible and critical difference between an employer who "knows" that the obvious consequences of terminating an employee for whatever cause include the loss of benefits and one who is "motivated" to terminate an employee for purposes of saving money or destroying the employee's benefits.

Id. at 1313. Campbell "did not allege that the deprivation of his benefits was in and of itself wrongful or illegal," but merely "pointed to Aerospace's knowledge of these consequences" to "punctuate" what he alleged was unlawful about his termination. Id. at 1314. The Ninth Circuit concluded that his claim was not preempted by ERISA and was not subject to removal. Id.

Similarly in the case at bar, the petition does not allege that plaintiff's eligibility for increased benefits was a motivating factor in the determination to discharge plaintiff. Other than the reference in the damages allegation of each count to "lost income and benefits," the sole reference to ERISA benefits in the petition is that previously noted in ¶8: "After plaintiff complained about the disperate (sic) treatment she was receiving from her supervisor, and two weeks after she reached the age of 45 years and became eligible for increased benefits from defendant, she was discharged." Petition [Doc. #1, Att. #1], p.3. This language contains no reference to motive or cause in relation to ERISA benefits. Instead of a benefits motive, the complaint avers that the discharge was unlawfully motivated by plaintiff's age and

5

sex, and in retaliation for plaintiff's assertion of her rights under the MHRA.

This Court has previously found such a claim not properly removed to federal court on the basis of ERISA preemption. In Hubbard v. Southwestern Bell Telephone Co., 759 F.Supp. 567 (E.D.Mo. 1991) [Gunn, J.], the Court considered a plaintiff's reference in her pleadings to the deprivation of disability payments as well as of her job, as a result of an allegedly discriminatory discharge in violation of the MHRA. Judge Gunn held that the action was "not couched as one to recover [ERISA] benefits or as one based on an interference with receipt of those benefits," but rather a claim "that in violation of a state statute, defendant unlawfully discriminated against [plaintiff] based on her handicap, and that *as a result of such discrimination,* she lost her disability benefits, among other things. Id. at 569 [italics in original]. The merely "incidental" reference to benefits governed by ERISA did not render the claim one rightly characterized as an ERISA claim. Id. The petition remained "a claim for discriminatory discharge in violation of a state human rights statute," improperly removed and subject to remand. Id.

The Sixth Circuit, in Wright v. General Motors Corporation, 262 F.3d 610 (6th Cir. 2001), held that an action was not removable where no ERISA benefits motive was alleged, but rather only that the plaintiff's damages included ERISA life

6

insurance policy benefits.  Id. at 614.  The plaintiff's race and sex discrimination claims under Michigan's civil rights act were therefore not completely preempted and removal was improper.  Id. at 615.  See also Warner v. Ford Motor Company, 46 F.3d 531 (6th Cir. *en banc* 1995).  In Neumann v. AT&T Communications, Inc., 376 F.3d 773 (8th Cir. 2004), the Eighth Circuit affirmed a district court's determination of ERISA preemption and the removability of a state law retaliatory discharge claim the gravamen of which was found to be the allegation that AT&T violated its ERISA plan.  The court acknowledged, however, the non-removability of a distinguishable case in which "a plan participant merely seeks to recover lost plan benefits as damages for a wrongful discharge from employment that is unrelated to the benefit plan," citing Campbell as an example of the species.  Id. at 781.

Upon consideration of these precedents, the Court is persuaded that plaintiff's petition was not subject to removal. The incidental reference to ERISA benefits does not constitute an allegation of a benefits motive for plaintiff's discharge, and therefore does not constitute a claim that is subject to complete preemption and the attendant phenomenon of removal notwithstanding the well-pleaded complaint rule.  In her reply in support of her motion to remand, plaintiff plainly states that she "does not allege and is not claiming that defendant's motive in discharging her was to avoid paying benefits covered by ERISA."  Pltf. Reply

7

[Doc. #14], p.1.[1]  For all the foregoing reasons, the motion to remand will be granted, and the case remanded to the state court from which it was removed.  The Court does not find that defendant lacked an objectively reasonable basis for removal, and plaintiff's request for an award of attorney's fees is therefore denied. Martin v. Franklin Capital Corporation, 546 U.S. 132, 141 (2005).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to remand [Doc. #7] is granted.

**IT IS FURTHER ORDERED** that this action is remanded to the Circuit Court of the City of St. Louis.

Dated this   7th  day of May, 2007.

/s/Donald J. Stohr
UNITED STATES DISTRICT JUDGE

---

[1] Even were the Court persuaded to deny the motion to remand, plaintiff's deletion of the reference to ERISA benefits by amendment would have resulted in the remand of the remainder of the action pursuant to 28 U.S.C. §1367(c)(3) and/or §1441(c).